IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | CRIMINAL NO. SAG-23-00312 |
| LAWRENCE SMITH | * | |
| | * | |
| Defendants. | * | |

*******

**FIFTH MOTION TO EXCLUDE TIME
PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America, through undersigned counsel, hereby moves to exclude time from calculation under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h).

1. On September 7, 2023, the Grand Jury returned an Indictment charging defendant Lawrence Smith with Wire Fraud, eleven counts of Wire Fraud in violation of 18 U.S.C. § 1343, Tax Evasion, in violation of 26 U.S.C. § 7201, and Making a False Return, in violation of 26 U.S.C. § 7206(1).

2. Mr. Smith was arrested and had an initial appearance on the Indictment on September 8, 2023. He was released on conditions of supervision.

3. The Government has provided discovery to the Defendant.

4. On November 3, 2023, the Government filed a Motion to Exclude Time Pursuant to the Speedy Trial Act, requesting an exclusion of time between September 8, 2023, and December 15, 2023. ECF No. 17. The Court granted the Government's Motion and excluded that time on November 6, 2023. ECF No. 18.

5. On January 29, 2024, the Government filed a Second Motion to Exclude Time Pursuant to the Speedy Trial Act, requesting an exclusion of time between December 15, 2023,

1

and March 15, 2024. ECF No. 19. The Court granted the Government's Motion and excluded that time on February 5, 2024. ECF No. 20.

6. On April 9, 2024, the Government filed a Third Motion to Exclude Time Pursuant to the Speedy Trial Act, requesting an exclusion of time between March 15, 2024, and May 22, 2024. ECF No. 21. The Court granted the Government's Motion and excluded that time on April 10, 2024. ECF No. 22.

7. On June 20, 2024, the Government filed a Fourth Motion to Exclude Time Pursuant to the Speedy Trial Act, requesting an exclusion of time between May 22, 2024 and August 1, 2024. ECF No. 23. The Court granted this Motion on the same date. ECF No. 24.

8. On September 11, 2024, the Court set a scheduling order on this case, which included date for a Motions Hearing on April 4, 2025 and a two-week jury trial to occur on May 12, 2025.

9. Under the Speedy Trial Act, specifically 18 U.S.C. § 3161(c)(1), a criminal defendant must be brought to trial within seventy days of the later of either the filing of an indictment or the first appearance before a judicial officer.

10. Periods of delay which would extend the time within which trial should commence include "[a]ny period of delay resulting from other proceedings concerning the defendant." 18 U.S.C. § 3161(h)(1). Although § 3161(h)(1) enumerates specific excludable proceedings, the list is not exhaustive, and has been interpreted to include a number of different proceedings and events concerning a defendant. The U.S. Court of Appeals for the Fourth Circuit has interpreted "other proceedings" to include plea negotiations. *U.S. v. Keita*, 742 F.3d 164, 188 (4th Cir. 2014). Thus, the period during which the parties engage in plea discussions is excludable from the Speedy Trial calculation under § 3161(h)(1). Other proceedings excludable from time calculations under the

Speedy Trial Act include delay resulting from pretrial motions, including this motion. *See* 18 U.S.C. § 3161(h)(1)(D).

11. Other periods of delay that would extend the time within which trial should commence include delay resulting from a continuance of the trial date beyond the seventy-day speedy trial date, if such continuance is granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Factors which the Court must find applicable in order to make this finding are listed in § 3161(h)(7)(B) and include the following:

   a. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

   b. Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

   c. Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

12. The Government respectfully submits that the above factors are applicable to this prosecution and justify a postponement and continuation of the trial date beyond the speedy trial date. The discovery in this case is voluminous and requires significant time for counsel for each of the defendants to review. Taking into account the exercise of due diligence, the failure to grant a continuance would deny counsel for the parties the reasonable time necessary for effective preparation of pretrial motions and any responses thereto, and for effective preparation for trial. The requested exclusion of time will also provide time for the parties to conduct discussions of a

potential resolution of the case short of trial.  Accordingly, the interests of justice served by the requested exclusion of time outweigh the interests of the public and the defendants in a speedy trial.

13.     The Government has contacted counsel for Mr. Smith, Mr. David Walsh-Little on December 3, 2024 related to this motion and he consents to this motion.

Wherefore, the Government requests that this Court enter an Order excluding time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1) and (7), for the period from August 1, 2024 through May 12, 2025.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:     /s/_____
Christine O. Goo
Assistant United States Attorney
Office of the United States Attorney
36 S. Charles Street
Baltimore, MD 21201

## CERTIFICATE OF SERVICE

I hereby certify that this filing was served on defense counsel via ECF electronic filing on this 4th day of December, 2024.

By:___/s/_____
Christine Goo
Assistant United States Attorney