IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | CRIMINAL NO. SAG-23-0312 |
| LAWRENCE SMITH | * | |
| | * | |
| Defendant. | * | |
| | ******* | |

**EIGHTH CONSENT MOTION TO EXCLUDE TIME
PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America, through undersigned counsel, hereby moves to exclude time from calculation under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h).

1. On September 7, 2023, the Grand Jury returned an Indictment charging defendant Lawrence Smith with Wire Fraud, eleven counts of Wire Fraud in violation of 18 U.S.C. § 1343, Tax Evasion, in violation of 26 U.S.C. § 7201, and Making a False Return, in violation of 26 U.S.C. § 7206(1).

2. Mr. Smith was arrested and had an initial appearance on the Indictment on September 8, 2023. He was released on conditions of supervision.

3. On November 3, 2023, the Government filed a Motion to Exclude Time Pursuant to the Speedy Trial Act, requesting an exclusion of time between September 8, 2023, and December 15, 2023. ECF No. 17. The Court granted the Government's Motion and excluded that time on November 6, 2023. ECF No. 18.

4. On January 29, 2024, the Government filed a Second Motion to Exclude Time Pursuant to the Speedy Trial Act, requesting an exclusion of time between December 15, 2023, and March 15, 2024. ECF No. 19. The Court granted the Government's Motion and excluded that time on February 5, 2024. ECF No. 20.

1

5. On April 9, 2024, the Government filed a Third Motion to Exclude Time Pursuant to the Speedy Trial Act, requesting an exclusion of time between March 15, 2024, and May 22, 2024. ECF No. 21. The Court granted the Government's Motion and excluded that time on April 10, 2024. ECF No. 22.

6. On June 20, 2024, the Government filed a Fourth Motion to Exclude Time Pursuant to the Speedy Trial Act, requesting an exclusion of time between May 22, 2024 and August 1, 2024. ECF No. 23. The Court granted this Motion on the same date. ECF No. 24.

7. On October 7, 2024, the Court set a scheduling order in this case, which included date for a Motions Hearing on April 4, 2025 and a two-week jury trial to occur on May 12, 2025. ECF No. 26.

8. On December 4, 2024, the Government filed a Fifth Motion to Exclude Time Pursuant to the Speedy Trial Act, requesting an exclusion of time between August 1, 2024 through May 12, 2025. ECF No. 31. The Court granted this Motion on the next day. ECF No. 32.

9. Later, on April 4, 2025, the defendant filed an unopposed motion to cancel the scheduled pretrial conference and trial date. Within that motion, the defense proposed that the parties would provide a status letter to the Court on or before June 2, 2025. The motion also noted that the defendant "agree[d] to toll for speedy trial purposes any time from the date of the postponement through June 2, 2025." ECF No. 41. The Court granted the defendant's motion the same day. ECF No. 42.

10. On April 25, 2025, the Government filed its Sixth Motion to Exclude Time Pursuant to the Speedy Trial Act, requesting an exclusion of time between May 12, 2025 through June 2, 2025. ECF No. 43. The Court granted that Motion on April 30, 2025. ECF No. 44.

11. As directed, on June 2, 2025, the parties filed a status report explaining that plea negotiations are ongoing, but the parties could use an additional thirty days to "bring this case to a resolution." ECF No. 45.

12. On June 10, 2025, the Government filed its Seventh Motion to Exclude Time Pursuant to the Speedy Trial Act, requesting an exclusion of time between June 10, 2025 through August 9, 2025. ECF No. 47. The Court granted that Motion on June 12, 2025. ECF No. 48.

13. The Government filed another status report on July 28, 2025 explaining that the parties are still in plea negotiations but that the Defendant believes "he could benefit from further review of discovery." ECF No. 49. As a result, the parties could use an additional sixty days to continue their negotiations.

14. Under the Speedy Trial Act, a criminal defendant must be brought to trial within seventy days of the defendant's indictment or initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The Act provides for various circumstances under which a court may exclude time from this calculation. 18 U.S.C. § 3161(h).

15. Periods of delay that would extend the time within which trial must commence include delay resulting from pretrial motions, including this motion, and pretrial suppression motions. *See* 18 U.S.C. § 3161(h)(1)(D). Although Section 3161(h)(1) enumerates specific excludable proceedings, the list is not exhaustive. *See* 18 U.S.C. § 3161(h)(1) (excluding from computation "[a]ny period of delay resulting from other proceedings concerning the defendant, *including but not limited to …*") (emphasis added). That section has been interpreted to include several different proceedings and events concerning a defendant, including "delays resulting from plea negotiations." *United States v. Ford*, 288 F. App'x 54, 58 (4th Cir. 2008) (unpublished) (citing 18 U.S.C. § 3161(h)(1)(F)).

16.     A continuance beyond the seventy-day speedy trial date is also permissible when granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Factors that the Court must consider in making this determination are set forth in Section 3161(h)(7)(B) and include whether the failure to grant the continuance would "result in a miscarriage of justice" or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B). This analysis considers several factors, including "whether counsel needs additional time for effective preparation of the case." *See United States v. Mallory*, 461 F. App'x 352, 358 (4th Cir. 2012) (unpublished).

17.     The Government respectfully submits that the circumstances in this case justify a continuation of the trial date beyond the speedy trial date. The parties are still in the midst of plea negotiations and believe that the case could be resolved short of a trial. The parties need additional time to complete their negotiations and for the defendant to continue his review of the discovery to determine whether he will accept the government's plea offer or proceed to trial. Accordingly, the ends of justice served by the requested exclusion of time outweigh the interests of the public and the Defendant in a speedy trial.

18.     On July 28, 2025, counsel for the Defendant consented to this motion.

Wherefore, the Government requests that this Court enter an Order excluding time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1), for the period from August 11, 2025 through October 10, 2025.

                Respectfully submitted,

                Kelly O. Hayes
                United States Attorney

By:   /s/_____
        Adeyemi Adenrele
        Jared Beim
        Assistant United States Attorneys
        Office of the United States Attorney
        36 S. Charles Street
        Baltimore, MD 21201

## **CERTIFICATE OF SERVICE**

    I hereby certify that this filing was served on defense counsel via ECF electronic filing on this 11th day of August, 2025.

                                          By: /s/
                                               Adeyemi Adenrele
                                               Assistant United States Attorney