**THE LAW OFFICE OF DAVID WALSH-LITTLE, LLC.**
1014 WEST 36TH STREET
BALTIMORE, MARYLAND 21211
TEL: 410.205.9337
FAX: 667.401.2414
EMAIL: DAVID@WALSHLITTLELAW.COM

April 6, 2026

The Honorable Stephanie A. Gallagher
United States District Court
101 West Lombard Street
Baltimore, MD 21201

      Re:    United States v. Lawrence Smith
             Case No. SAG-23-0312

Dear Judge Gallagher:

On behalf of Lawrence Smith, I write to briefly respond to the Government's Sentencing Memorandum.    ECF No. 63.   Mr. Smith appropriately qualifies for a two-level decrease in the applicable offense level pursuant to U.S.S.G § 4C1.1.    The Government filed no objections to the Presentence Investigation Report (hereinafter "PSR") in this matter.    There is no open dispute about the sentencing guideline calculation and they are not 21 -27 months as the Government represented.   Additionally, Mr. Smith appropriately answered the questions posed to him in the Harford County Public School job applications he completed despite the Government's representations to the contrary.   He had no obligation to inform a prospective employer of the legal elements of every single count that was pending in his indictment.   The information was sufficient for Harford County to do an appropriate assessment of his application. It is important to note that the school district did a background check on Mr. Smith and had his criminal history.   Additionally, Mr. Smith appropriately disclosed his job application to his federal pretrial officer.   There was no obfuscation of facts.   As such, this set of circumstances does not support the unstated upward variance implicit in the Government's sentencing request.

The PSR rightfully concluded that Mr. Smith has zero criminal history points.   PSR ¶ 42.  The exceptions identified in U.S.S.G § 4C1.1 a (2) – a (11) do not apply to this case and as such two level are reduced from the applicable offense level.   The sentencing guidelines, therefore are 15 – 21 months.   PSR ¶ 90.   The parties received the initial PSR on or about November 26, 2025.  Mr. Smith forwarded proposed amendments on or about December 4, 2025.  The Government filed no objections to the sentencing guideline calculation or to Mr. Smith's proposed amendments.   The parties received the final PSR on or about December 11, 2025.  The Government has filed no objections to this report.   The time for objections has come and gone.

The Government has still made no arguments in any form in this case to support the position that the § 4C1.1 reduction is not applicable.   Instead, they state in their submission that at "this time" they take no position but expect to change their non-position at the sentencing

hearing.   ECF No. 63, pp. 8-9.   There is no persuasive response to the application of this guideline and they have now waived taking any position to the contrary.   After multiple months of having time to review the PSR, they simply have no response on this issue.   The Government's demurrer undermines the assertion that the guidelines are not 15 -21 months as the PSR correctly reports.

Exhibit No. 1 of the Government's sentencing submission included a nine-page report of the Maryland Office of the Inspector General for Education dated January 28, 2026.   The report reviewed the licensing and hiring of Mr. Smith and made five specific recommendations to the Harford County Public Schools (hereinafter "HCPS") and one to the Maryland State Department of Education.   ECF No. 63-1, p. 12.

In regard to the application for a job with HCPS, a request is made of any applicant to "please provide details" for a set of prior questions in which the applicant answered in the affirmative including whether the applicant has ever been "charged with a crime and/or awaiting trial."   *Id.*, p. 4.   The question doesn't clarify what specific information HCPS expects in the answer or asks for documents that are related to the pending charge, a charging document for example.    Mr. Smith answered the question directly by stating he is charged with "theft" and in "a tax case."    As a legal matter, of course, wire fraud and theft have different legal elements but they are both property crimes and very similar in a colloquial sense.   Mr. Smith has no legal training and can't be expected to explain every legal nuisance in a job application.

 The structure of the HCPS application process is that these questions are provided is an initial questionnaire.   HCPS later does its own investigation including an interview and a criminal background check which they did for Mr. Smith., *Id.*, p. 10.   HPCS had all the needed information to make a determination on Mr. Smith's application including his criminal history and they did so.   Mr. Smith directly answered the questions posed to him on the job application and as required informed his pretrial officer of his employment submission.

The facts present in this case involve serious violations of federal law but the conduct at issue here is an aberration for Mr. Smith.   The numerous character letters submitted on his behalf more thoroughly represent the person who is being sentenced.   None of us should only be defined by our worst mistakes.   A term of probation with home detention is sufficient but not greater than necessary to comply with the sentencing factors identified in 18 U.S.C. § 3553(a).

Sincerely,

_____/s/_____
David Walsh-Little, esq.

cc:    Adeyemi Adenrele, esq. (via email)
       Jared Beim, esq. (via email)
       USPO Nicole Wonneman (via email)