**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Criminal No. SAG-23-312** |
| **LAWRENCE SMITH,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

At sentencing, the defendant plans to argue for a slap on the wrist. The government, respectfully, asks that this Court sentence the defendant to twenty-four months in prison, $215,352 in restitution to Baltimore City Public Schools, and $61,233.40 in restitution to the IRS.

**I.    Government's Recommendation of Twenty-Four Months Is Reasonable.**

The government's recommendation of twenty-four months is just and necessary to avoid unwarranted sentencing disparities among similar defendants. In *U.S. v. Griffin*, the Court sentenced the defendant Lieutenant Daniel Griffin to five years in prison over stealing "at least over a hundred thousand dollars in taxpayer-funded overtime in a few short years." 20-cr-10319 (D. Mass. 2024), ECF Nos. 207 at 1, 233. Similar to defendant Smith, Lt. Griffin also committed tax fraud by falsely inflating his deductible expenses and lowering his taxable income. *See* ECF Nos. 207 at 6. At the sentencing, Judge Guzman explained that the sentence, in part, was because the Court "cannot send a message that when you [are a law enforcement officer] you occupy a different space in the sphere of accountability. . . . they should be held to the oath that they took." Ex. A, ECF No. 236 at 45 (*U.S. v. Griffin* Sentencing Transcript).

Separately, in *U.S. v. Rush*, the defendant pleaded guilty to one count of conversion, in violation of 18 U.S.C. § 641. 10-cr-246 (D.D.C. 2011), ECF No. 6. The defendant was an administrative officer with the U.S. Marshals Service who stole approximately $104,000 of USMS

funds by creating a fictitious employee in the USMS payroll system and submitting false time-and-attendance records for the employee. The Court sentenced the defendant to twenty-one months in prison. *Id.*, ECF No. 20 at 2.

Conversely, defendant argues that "[h]e has already been punished for his conduct, by being removed from his position as a Baltimore City School Police Officer" and "being fired from his position as a well-regarded football coach[.]" ECF No. 62 at 1. The Fourth Circuit has made clear that "job loss or disqualification from future employment . . . is insufficient to warrant a downward departure." *United States v. Rybicki*, 96 F.3d 754, 759 (4th Cir. 1996); *Koon v. United States*, 518 U.S. 81, 110 (1996) (holding that the district court abused its discretion by considering the defendant's career loss to depart downward). The Fourth Circuit also discourages varying downward for reasons such as family ties, responsibilities, and prior good works. *See United States v. Janati*, 237 F. App'x 843, 848 (4th Cir. 2007) ("[T]he reasons advanced by the Janatis [including, among other things, family ties and responsibilities, prior good works, and age] for a variance sentence are actually discouraged in most instances.").

## II. Defendant's Criminal Conduct Was a Continuation of Prior Criminal (though uncharged) Behavior.

On April 6, 2026, the defendant filed a response to the government's sentencing memorandum.[1] ECF No. 64. Within it, the defendant claimed that his conduct underlying the charges of conviction were an "aberration." *Id.* at 2. To the contrary, the criminal conduct to which

---

[1] Also, in defendant's response, he claimed that the government waived any argument on whether he is a zero-point offender. This is false. The government routinely does not take a position with respect to whether the defendant is a zero-point offender prior to sentencing. Of note, neither the paragraphs calculating the stipulated guidelines nor the paragraph identifying the defendant's criminal history in the plea identify whether the government agrees that the defendant is zero-point offender. ECF No. 55, ¶¶ 6,7. Having said that, the government is not currently aware of any facts that would disqualify the defendant from being a zero-point offender.

the defendant pleaded guilty was consistent with his prior and subsequent uncharged conduct.

In 2017, the same year as the first charged count of tax evasion, a quality control review by Home Point Financial determined that the defendant made "[i]ncome and asset misrepresentation[s]" in an effort to obtain a mortgage. Ex. B at 1, Home Point Financial, Quality Control Review – Loan Level Issue Report. Specifically, the defendant provided "falsified paystubs, falsified W2s, falsified tax transcripts, and fraudulent bank statements; all documentation provided was to evidence significantly inflated income for the purposes of qualifying for the purchase mortgage." *Id.* at 1-2. In the end, Home Point Financial uncovered the fraud and declined the defendant's application. At sentencing, the government will present further evidence of this additional fraud.

The defendant lied to Baltimore City Schools, Harford County Public Schools, the City of Baltimore, the IRS, and Home Point Financial. He was able to extract funds from each of the governmental entities as a result of those lies. Importantly, though the defendant claims he is remorseful, the government is not aware of any information that he paid back the funds falsely extracted from Baltimore City Schools, Harford County Schools, or the City of Baltimore.[2] The Court should put an end to the defendant's string of criminal conduct and sentence him to twenty-four months imprisonment.

---

[2] Apart from the government's restitution request, Baltimore City Schools is attempting to claw back funds that it paid to the defendant after it placed the defendant on administrative leave on September 8, 2023 but before it suspended the defendant without pay on September 3, 2024. *See* Ex C, Baltimore City Public Schools Letter (March 24, 2026).

Sincerely,

Kelly O. Hayes
United States Attorney

/s/_____
Adeyemi Adenrele
Jared Beim
Assistant United States Attorneys
District of Maryland